UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DIANA S. HUDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-cv-1284-JES-JEH |
| | ) |
| JP MORGAN CHASE BANK, NA, | ) |
| FEDERAL HOUSING | ) |
| ADMINISTRATION, HOUSING AND | ) |
| URBAN DEVELOPMENT, AND | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

## ORDER AND OPINION

This matter is now before the Court on two motions to dismiss. Defendant JP Morgan Chase Bank, NA filed a Motion to Dismiss (D. 17[1]) and a Memorandum in Support (D. 18). Plaintiff Diana S. Hudson filed a Response (D. 26) thereto; however, it was filed 10 days past the deadline. Plaintiff Diana S. Hudson filed a second Response (D. 29), nearly identical to the first, some 28 days after the deadline without leave of the Court. Defendants Federal Housing Administration, Housing and Urban Development, and United States of America collectively filed a Motion to Dismiss (D. 22) and Memorandum in Support (D. 23). Plaintiff filed a Response (D. 30) thereto; however, it was 7 days past the deadline. For the reasons set forth below, Defendant JP Morgan Chase Bank, NA's Motion is GRANTED IN PART. The Motion submitted by Defendants Federal Housing Administration, Housing and Urban Development, and United States of America is GRANTED IN PART.

---

[1] Citations to the Docket in this case are abbreviated as "D. __."

1

## BACKGROUND

For the purposes of resolving this Motion, the Court takes the following factual allegations from Plaintiff's Complaint as true. Plaintiff Diana S. Hudson ("Hudson") filed the instant action on August 21, 2019, naming JP Morgan Chase Bank, N.A. ("Chase"), Federal Housing Administration ("FHA"), Housing and Urban Development ("HUD"), and the United States of America ("USA") as Defendants. D. 1, at 1. Hudson states she will refer to FHA, HUD, and USA as one entity, "the FHA." *Id.* This action is "related to the property owned by GARY L. HUDSON and DIANA S. HUDSON in fee simple and located at 667 EAST FRONT, EL PASO, IL 61738[.]" *Id.*

Hudson alleges she entered into a mortgage loan with non-party MetLife Home Loans, LLC ("MetLife") in December 2009. *Id.* at 2. Metlife filed a foreclosure action relating to the mortgage and Hudson brought counterclaims against MetLife. *Id.* at 2-4. Hudson alleges the subject mortgage was "fraudulently transferred" from MetLife to Chase. *Id.* at 2. Hudson and her husband, since deceased, entered into a settlement agreement with Chase and the FHA. *Id.* at 4. Hudson alleges, without further detail, that Chase and the FHA breached the settlement agreement, resulting in $12 million in damages. *Id.* Hudson alleges they applied for a loan modification after her husband was laid off in June 2016, but they were denied. *Id.* at 4-6. She alleges Chase committed various acts, including recording falsified documents, charging allegedly improper fees, and offering Hudson another loan modification with an undisclosed $47,000 balloon payment. *Id.* at 6-9.

Among other things, Hudson attaches to her Complaint: (1) a 2009 mortgage entered into by the Hudsons and MetLife (*id.* at 30-43 ("Exhibit B")); (2) an October 27, 2018 letter from Chase to Hudson indicating she was eligible for an FHA loan modification (*id.* at 45-58 ("Exhibit

C – Original Loan Modification")); (3) a November 6, 2018 letter from Chase to Hudson enclosing the Trial Period Plan that Hudson needed to complete in order to obtain the loan modification (*id.* at 87-102); (4) a February 6, 2019 letter from Chase to Hudson describing the insurance coverage requirement for loan modification (*id.* at 104 ("Exhibit F – Final Loan Modification Paperwork")); (5) a February 6, 2019 letter from Chase to Hudson enclosing an FHA loan modification and partial claim mortgage and note (*id.* at 105); and (6) a March 4, 2019 letter from Chase to Hudson (a) indicating Chase could not complete the FHA loan modification because she indicated to Chase that she was concerned about the modification and because of various deficiencies, including lack of notarization, inconsistent signature dates, and lack of required signatures and (b) enclosing copies of the FHA loan modification and partial claim documents that Hudson was required to sign and have notarized (*id.* at 106-111; D. 1-1, at 1-26).

Hudson seeks damages and declaratory relief with five claims against Defendants: Count I is a breach of contract claim; Count II is labeled "Bad Faith Breach of Contract"; Count III is a fraudulent concealment claim; Count IV is a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 (the "ICFA"); and Count V is a quiet title claim. *Id.* at 10-16.

## **LEGAL STANDARD**

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must describe the claim in sufficient detail to put defendants on notice as to the nature of the claim and its bases, and it must plausibly suggest the plaintiff has a right to relief. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). A complaint need not allege specific facts, but it may not

rest entirely on conclusory statements or empty recitations of the elements of the cause of action. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In deciding whether the complaint sufficiently states a claim, courts take well-pleaded allegations in the complaint as true and draw all permissible inferences in favor of the plaintiff. *See Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015).

## DISCUSSION

Defendant Chase seeks dismissal of the Complaint with prejudice pursuant to Rules 8, 9(b), 10(b), and 12(b)(6). First, Chase argues the Complaint fails to comply with Rules 8 and 10(b) because it contains no numbered paragraphs and is otherwise vague, confusing, and unintelligible. D. 17, at 3. Second, Chase contends this action is barred by the settlement agreement to the extent is relates to conduct occurring prior to that agreement. *Id.* Third, Chase argues the action is barred by the doctrine of collateral estoppel to the extent it relates to issues decided in a prior foreclosure action. *Id.* Fourth, Chase states Counts I-IV are preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681t(b)(1)(F), to the extent those counts relate to credit reporting. *Id.* Fifth, Chase argues Hudson's breach of contract claim fails to state a claim. *Id.* Sixth, Chase maintains the fraudulent concealment and ICFA claims fail to comply with basic or heightened pleading standards and otherwise fail to state a claim. *Id.* Finally, Chase argues the quiet title claim is barred by Chase's recorded mortgage interest in Hudson's property. *Id.*

Defendants FHA, HUD, and USA (referred to collectively the "Federal Defendants") move to be dismissed as Defendants in this action. D. 22, at 1. The Federal Defendants submit several arguments in support of their motion. D. 23, at 2-3. First, they argue Hudson impermissibly incorporates each of her first four separate causes of action into the next recited cause of action. *Id.* at 2. Second, they argue the Complaint violates Rule 8 in that it does not

contain a short and plain statement of each claim showing Hudson is entitled to relief on any of the five causes of action and the allegations against the Federal Defendants are not simple, concise, and direct. *Id.* Third, they argue the Complaint should be dismissed under Rule 12(b)(6) for failure to state a valid cause of action against them. *Id.* Fourth, they argue the FHA should be dismissed as Defendant because it is part of the Defendant Housing and Urban Development. *Id.* Fifth, the monetary breach of contract causes of action that seek millions of dollars should be dismissed against the Federal Defendants for lack of subject matter jurisdiction because the Court of Claims has exclusive jurisdiction to consider all monetary breach of contract claims against the government in excess of $10,000. *Id.* Sixth, they contend the fraudulent concealment claim should be dismissed against these Defendants for lack of waiver of sovereign immunity and failure to plead subject matter jurisdiction. *Id.* Seventh, the Federal Defendants argue the fraudulent concealment claim and alleged violations of the ICFA should be dismissed because Hudson did not plead with particularity the circumstances constituting the alleged frauds in violation of Rule 9(b). *Id.* at 3. Finally, the Federal Defendants contend punitive damages cannot be recovered from the United States of America or its agencies. *Id.*

**Rules 8 and 10(b)**

      Hudson's Complaint is nearly 17 pages and contains hundreds of single-spaced, unnumbered bullet-pointed allegations. *See generally* D. 1. She also attaches over 250 pages of exhibits, some of which are labeled with exhibit numbers, some of which are not, and some of which are duplicative of others. *Id.* Among the exhibits submitted with the Complaint is what appears to be a second version of the Complaint with numbered paragraphs. D. 1-1, at 27-58.

      Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(d)(1) states that "[e]ach allegation must

be simple, concise, and direct." Under Rule 10(b), "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "The primary purpose of these rules is to give defendants fair notice of the claims against them and the grounds supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). "To form a defense, a defendant must know what he is defending against; that is, he must know the legal wrongs he is alleged to have committed and the factual allegations that form the core of the claims asserted against him." *Id.* at 799. To this end, "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Hudson's Complaint fails to comply with Rules 8 and 10(b) in many respects.

With respect to the formatting of the Complaint, it does not contain any numbered paragraphs, but instead hundreds of single-spaced, bullet-pointed paragraphs. *See Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (affirming dismissal of complaint for failure to comply with Rule 10(b), where plaintiffs failed to separate allegations into numbered paragraphs). Hudson refers to some exhibits by letter, but not all the exhibits to her Complaint are labeled, and some documents attached to her Complaint are not referenced in the Complaint. *See* D. 1, at 18-26, 76-84. These formatting issues make it needlessly difficult to sort through the numerous allegations and distract from the substance of the Complaint.

With respect to the content of the Complaint, Hudson repeats allegations multiple times throughout the Complaint and it is unclear when the vast majority of the conduct described allegedly occurred. At some points, Hudson refers to the specific Defendants by name, but in many places, she vaguely refers to "Defendant" or "Defendants." *See Faulkner v. Loftus*, 775 Fed. Appx. 245, 246 (7th Cir. 2019) (affirming dismissal of complaint that was unintelligible

6

where the "chronology . . ., within and among paragraphs, was opaque, and it was impossible to determine which defendants had done what"). Hudson refers to multiple different contracts throughout the Complaint, including a mortgage (D. 1, at 2, 4, 7-9, 11-12), a note (*id.* at 2, 4, 7, 8), the Settlement Agreement (*id.* at 4), the Trial Period Plan (*id.* at 8, 11), and several loan modification agreements (*id.* at 5, 8-12). It is not clear from the allegations in the two breach of contract claims which contract or contracts Hudson is alleging the defendants breached. Finally, the Complaint is confusing as to the basis or bases of her claims because at certain points both in her factual allegations and in her claims, she cites "wrongful foreclosure" (*id.* at 4-10), and various state and federal statutes and constitutional amendments (*id.* at 3, 4, 7-9, 11), but she does not appear to be bringing claims based on those laws. These deficiencies make it practically impossible for Defendants to respond to the allegations against them. Defendants must have fair notice of the specific claims against them and the legal grounds supporting those claims.

For these reasons, the Complaint must be dismissed without prejudice in its entirety for failure to comply with Rules 8 and 10(b). These deficiencies in the Complaint can be cured; therefore, Hudson is granted leave to amend. An amended complaint must contain a short and plain statement of the claim showing Hudson is entitled to relief. The paragraphs must be numbered, and the relevant exhibits must be individually labeled.

**The Settlement Agreement**

Chase contends that any conduct alleged in the Complaint that occurred on or before June 3, 2016, is barred by the Settlement Agreement ("Settlement") because Hudson explicitly waived and released any claims against Chase as of the effective date of the Settlement. D. 18, at 7. Chase argues there is no allegation that Hudson "did not receive the payment required by the Settlement Agreement" and Hudson executed the 2016 Loan Modification Agreement, which

7

was part of the Settlement. *Id.* at 8. Chase adds that the Settlement required Chase to dismiss the foreclosure action within 30 days of the execution of the Settlement, which Chase did. *Id.* As a result, Chase argues Hudson is barred from bringing any claims against Chase with respect to conduct which occurred on or before June 3, 2016, and the Complaint should be dismissed with prejudice to the extent it is based on any such alleged content. *Id.* Additionally, Chase argues the Court should reject any allegations that the Settlement was void or fraudulently induced because it would call into question the validity of the dismissal order in the Foreclosure Action and, as such, would be barred by the *Rooker-Feldman* doctrine. *Id.*

On a motion to dismiss under Rule 12(b)(6), documents presented outside the pleadings are generally either excluded or the motion is converted to a motion for summary judgment; however, documents attached to a motion to dismiss may be considered part of the pleadings if they are referred to in the Complaint and are central to the claim. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). Here, Chase attached several exhibits to the Motion to Dismiss that are central to the claims made by Hudson, including the Settlement Agreement. D. 18-9. Hudson refers to the Settlement in her Complaint; therefore, the exhibit may be considered by the Court.

The Settlement declares it is governed by Illinois law. D. 18-9, at 5. Under Illinois law, "[a] settlement agreement is considered a contract, and construction and enforcement of settlement agreements are governed by principles of contract law." *Cushing v. Greyhound Lines, Inc.*, 2013 IL App (1st) 103197, 991 N.E.2d 28, 92. 371 Ill. Dec. 941 (Ill. App. 1st Dist. 2013). A release within a settlement agreement is also governed by contract law. *Cannon v. Burge*, 752 F.3d 1079, 1088 (7th Cir. 2014). When the agreement "is clear and explicit, a court must enforce the agreement as written. Both the meaning of the instrument, and the intention of the parties

must be gathered from the face of the document without the assistance of parol evidence or any other extrinsic aids." *Id.* (citation omitted). "A release is the abandonment of a claim to the person against whom the claim exists." *ADM All. Nutrition, Inc. v. SGA Pharm Lab, Inc.*, 877 F.3d 742, 746 (7th Cir. 2017) (citations and quotation marks omitted).

Here, the Settlement was signed by Hudson and her husband on May 26, 2016, followed by a Chase Assistant Secretary on June 3, 2016. D. 18-9, at 6. It states the parties to the Settlement are acting in good faith and "settle any and all claims, defenses and/or counterclaims that were asserted or that could have been asserted by the [Hudsons] in the Foreclosure Action and the Answer, Affirmative Defenses, and Counterclaims." *Id.* at 2. The Settlement was "entered into voluntarily by the Parties who stipulate they are under no duress or undue influence." *Id.* The Settlement contains a waiver of any and all defenses, set-offs, and counterclaims that were raised or could have been raised. *Id.* at 3. The Settlement also contains a Release, in which Diana and Gary Hudson agreed to "remise, release, acquit, and forever discharge Chase" from any law or equity claims that they may have had against Chase "from the beginning of the world to the Effective Date of this Agreement." *Id.* A Loan Modification Agreement ("2016 LMA") was filed contemporaneously with the Settlement that modified the terms of the note and mortgage. *Id.*

The Complaint contains conflicting allegations of the means by which the Settlement was obtained. First, Hudson alleges the Settlement "was extortion by the Defendants and made under duress by the Plaintiff." D. 1, at 4. Hudson then seemingly contradicts herself by stating "the settlement and amicable resolution" was "breached by the Defendants" and that Hudson had "amicably resolv[ed]" the dispute with Chase. *Id.* Hudson does not provide any support for her allegation that she was under duress except that she was forced into the Settlement "rather than

9

lose her home to a fraudulent foreclosure action[.]" "The hallmark of duress or exertion is that the victim has no feasible legal remedy." *Oxxford Clothes XX v. Expeditors Int'l*, 127 F.3d 574, 579 (7th Cir. 1997). Here, Hudson still had feasible legal remedies that were abandoned when she agreed to the Settlement. Within 30 days of the execution of the Settlement, Chase was to voluntarily dismiss the foreclosure action. D. 18-9, at 4. Hudson does not claim that Chase failed to dismiss the foreclosure action. Moreover, Hudson does not allege any injury from the Settlement: Not only was the foreclosure action dismissed, but Hudson also received a payment in consideration for the release and the terms of the note and mortgage were modified by the 2016 LMA. *Id.* at 3.

For these reasons, the Complaint is dismissed with prejudice to the extent the alleged conduct occurred on or before June 3, 2016, the date of the execution of the Settlement.

**Collateral Estoppel**

Chase argues Hudson is attempting to litigate the same issues involved in the previous foreclosure action. D. 18, at 9. As such, Chase contends the Complaint is barred by collateral estoppel to the extent the Complaint is based on conduct Hudson raised or could have raised in the foreclosure action. *Id.* at 8. Chase contends that many of Hudson's allegations, her quiet title claim, and portions of her fraudulent concealment and IFCA claims mirror her allegations, quiet title counterclaim, and portions of her fraudulent concealment and IFCA claims in the foreclosure action. *Id.* at 9.

"Under the doctrine of collateral estoppel, . . . once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Firishchak v. Holder*, 636 F.3d 305, 308 (7th Cir. 2011). Generally, collateral estoppel prevents parties from re-

10

litigating issues when "(1) the issue sought to be litigated is the same as the one involved in the prior action; (2) that issue was actually litigated in the first action; (3) the determination of the issue was essential to the final judgment in the first action; and (4) the party against whom estoppel is invoked had a full and fair opportunity to litigate the issue in the first action." *Kluppelberg v. Burge*, 276 F. Supp. 3d 773, 776 (N.D. Ill. 2017) (citing *Chicago Truck Drivers v. Century Motor Freight, Inc.*, 125 F.3d 526, 530 (7th Cir. 1997)).

      Here, the five causes of action are unclear in exactly which conduct makes up the bases of each claim. For example, under the first cause of action for breach of contract against all Defendants, it is not clear which contract Hudson accuses Defendants of breaching because she alleges breaches of "the agreement," the "original loan agreement," the "loan modification agreement," the "original loan modification agreement," and the "agreement (mortgage and loan modification)." D. 1, at 10-11. As gathered from the Complaint and the exhibits attached to Chase's Motion, the following contracts exist between the parties: a mortgage, the Settlement Agreement and concurrent 2016 LMA, and another loan modification agreement after the death of Hudson's husband. Hudson also indicates there have been multiple foreclosure actions filed against her. *See id.* at 7 ("causing the PLAINTIFF to have to defend multiple frivolous foreclosure actions, including 12 CH 24;[*sic*] and this wrongful action"); at 13, 15 ("the Plaintiff had to undergo defense of multiple foreclosure actions … "). To the extent the causes of action involve issues that were raised in previous foreclosure actions, Hudson is barred from including those same issues in her Complaint here.

      Given the Court's dismissal of the entire complaint without prejudice pursuant to Rules 8 and 10(b), and dismissal with prejudice to the extent Hudson's claims are barred by the Settlement Agreement and the doctrine of collateral estoppel, the Court moots the remaining

arguments in Defendants' Motions. If Hudson believes she can plead a cause of action that is not barred by the Settlement Agreement and the doctrine of collateral estoppel, in a concise manner as the rules require, the Court grants Hudson leave to file an amended complaint by June 30, 2020. Should Hudson file an amended complaint, the Defendants will be allowed to file additional motions to dismiss the complaint.

## CONCLUSION

For the reasons set forth above, Defendant JP Morgan Chase Bank, NA's Motion (D. 17) is GRANTED IN PART. The Motion (D. 22) submitted by Defendants Federal Housing Administration, Housing and Urban Development, and United States of America is GRANTED IN PART. Plaintiff Diana Hudson is granted leave to file an amended complaint that complies with this Order on or before 6/30/2020. If Plaintiff fails to file an amended complaint consistent with this Order by 6/30/2020, this dismissal will convert to one with prejudice and the case will be dismissed.

Signed on this 9th day of June, 2020.

s/James E. Shadid_____
James E. Shadid
United States District Judge